## COMMONWEALTH *vs.* GUSTAVUS A. WHITE.

A complaint alleging that the defendant assaulted H. and threatened to shoot him with a gun which he pointed and aimed at him, is supported by proof that the defendant pointed and aimed a gun at H., and said, "I have got something here that will pick the eyes of you."

If A. menacingly points at B. a gun which B. has reasonable cause to believe loaded, and B. is put in fear of immediate bodily injury therefrom, and the circumstances would ordinarily induce such fear in a reasonable man, A. is guilty of an assault, although he knows that the gun is not loaded.

COMPLAINT to a trial justice, alleging that the defendant " with force and arms in and upon the body of Timothy Harrington an assault did make, and him did then and there threaten to shoot with a gun, which he then and there pointed and aimed at said Harrington."

At the trial, on appeal, in the Superior Court, before *Pitman*, J., the Commonwealth introduced evidence tending to show that the defendant was driving in a wagon along a highway which Harrington, one Sullivan and others were repairing ; that Sullivan called out to the defendant to drive in the middle of the road ; that the defendant made an offensive reply ; that thereupon Sullivan came towards the defendant and asked him what he meant ; that Sullivan and Harrington were about fifteen feet from the defendant, who was moving along all the time ; that the defendant took up a double-barrel gun which he had in the wagon, pointed it towards Sullivan and Harrington, took aim at them, and said, " I have got something here that will pick the eyes of you." This was all the evidence of declarations or threats of the defendant at the time of the alleged assault.

Sullivan testified that he had no fear and did not suppose the defendant was going to do any harm ; but there was evidence tending to show that Harrington was put in fear. The defendant testified that the gun was not loaded.

The defendant asked the judge to rule that the complaint could not be sustained, because the Commonwealth had failed to prove the offence as alleged in the complaint ; but the judge refused so to rule, and ruled that it was not necessary to prove a threat to shoot as set forth in the complaint.

The defendant also asked the judge to instruct the jury " that the facts testified to did not constitute an assault ; that at the time, the defendant must have had an intention to do some bodily harm to Harrington, and the present ability to carry his intention into execution ; and that the whole evidence would not warrant the jury in finding a verdict against the defendant." But the judge refused so to instruct the jury, and instructed them " that an assault is any unlawful physical force partly or fully put in motion, which creates a reasonable apprehension of immediate physical injury ; and that if the defendant, within shooting distance, menacingly pointed at Harrington a gun, which Harrington had reasonable cause to believe was loaded, and Harrington was actually put in fear of immediate bodily injury therefrom, and the circumstances of the case were such as ordinarily to induce such fear in the mind of a reasonable man, that then an assault was committed, whether the gun was in fact loaded or not." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*S. R. Townsend*, for the defendant. 1. The allegation that the defendant threatened to shoot with a gun was descriptive, and should have been proved as laid. 2. The instructions prayed for as to what would constitute an assault should have been given. An assault is an intentional attempt to do violence to another. *Hays* v. *People*, 1 Hill, (N. Y.) 351. *State* v. *Davis*, 1 Ired. 125. *State* v. *Blackwell*, 9 Ala. 79. 1 Russell on Crimes, 750.

*C. R. Train*, Attorney General, for the Commonwealth, cited *Stephens* v. *Myers*, 4 C. & P. 349 ; *Regina* v. *St. George*, 9 C. & P. 483 ; *Blake* v. *Barnard*, Ib. 626 ; *Regina* v. *James*, 1 C. & K. 530 ; 1 Bishop Crim. Law (4th ed.) § 988, and cases cited ; 3 Greenl. Ev. § 59, and cases cited.

WELLS, J. The first ruling prayed for raised, in effect, a question of variance.

In criminal proceedings generally, if an offence, which is sufficiently set forth in the complaint, is made out by the proofs, it will warrant a conviction of that offence, although of less gravity or degree than the whole charge. Matters of aggravation are not essential to a conviction ; neither are averments as to the mode of

commission, or the implement used; and allegations of such incidents need not be strictly proved, unless they are descriptive and therefore necessary to the identification of the act charged as an offence. *Commonwealth* v. *Burke*, 14 Gray, 100. The first ruling asked for was rightly refused: 1. because there was some evidence in support of each of the allegations that the defendant " pointed and aimed " the gun at Harrington, and threatened to shoot with the gun; 2. because the instructions given included all that was necessary to constitute the offence; and whatever more was alleged in the complaint was not descriptive nor essential for any reason. Acts, as well as words, may constitute and prove a threat.

The instructions required the jury to find that the acts of the defendant were done " menacingly; " that Harrington had reasonable cause to believe the gun pointed at him was loaded, and was actually put in fear of immediate bodily injury therefrom; and that the circumstances were such as ordinarily to induce such fear in the mind of a reasonable man.

Instructions in accordance with the second ruling prayed for would have required the jury also to find that the defendant had an intention to do some bodily harm, and the present ability to carry his intention into execution. Taking both these conditions literally, it is difficult to see how an assault could be committed without a battery resulting.

It is not the secret intent of the assaulting party, nor the undisclosed fact of his ability or inability to commit a battery, that is material; but what his conduct and the attending circumstances denote at the time to the party assaulted. If to him they indicate an attack, he is justified in resorting to defensive action. The same rule applies to the proof necessary to sustain a criminal complaint for an assault. It is the outward demonstration that constitutes the mischief which is punished as a breach of the peace.

The authorities cited for the Commonwealth amply support the rulings and instructions to the jury at the trial.

*Exceptions overruled.*