COMMONWEALTH *vs.* THOMAS C. MUSGRAVE.

No. 93-P-1467.

Middlesex. December 13, 1994. - May 11, 1995.

Present: JACOBS, PORADA, & IRELAND, JJ.

Further appellate review granted, 420 Mass. 1105 (1995).

*Assault by Means of a Dangerous Weapon. Practice, Criminal*, Instructions to jury.

Proof of a criminal defendant's intent to cause fear or apprehension is required for conviction of assault by threatened battery. [523-524]

At the trial of a complaint for assault by means of a dangerous weapon on the theory that the defendant had attempted a battery, the judge's instruction to the jury that defined the crime solely in terms of the alleged victim's apprehensive reaction to the defendant's intentional acts and which did not refer to the defendant's intent constituted error requiring the defendant be granted a new trial. [524-525]

COMPLAINT received and sworn to in the Woburn Division of the District Court Department on December 5, 1991.

On transfer to the jury session of the Lowell Division, the case was tried before *John B. Murphy*, J.

*Thomas A. Mullen* for the defendant.

*Judith B. Stephenson*, Assistant District Attorney, for the Commonwealth.

JACOBS, J. Convicted by a District Court jury of assault by means of a dangerous weapon[1] (G. L. c. 265, § 15B), the defendant appeals, claiming instructional error. We agree and reverse the conviction.

The jury could have found the following facts: Responding to a radio dispatch concerning graffiti damage, a Stoneham uniformed police officer stopped the defendant and another

---

[1] Charges of malicious destruction of property and possession of a firearm without an identification card were the subject of a nolle prosequi and a charge of illegal possession of a class D substance was filed without a finding.

man. While the officer was patting down the other man, the defendant placed his hand in his waist area and then by his ankle. The officer saw a gun barrel protruding from the defendant's hand and observed that the barrel was "moving up." "Scared stiff" and thinking he was going to be shot, the officer struggled with the defendant, forced the gun from his hand and subdued him.

The defendant testified that the gun in question was an inoperable pellet pistol that fell from his waistband down the inside of his pants when he jumped to avoid the approach of the officer's cruiser. He testified that while watching the officer pat down the other man, he "saw the need to get rid of" both the pistol and some marijuana he was carrying. After throwing the marijuana away, he turned his attention to the pistol and, without directly touching it, was in the process of pushing it downward inside his pants when he was set upon by the officer.

The defendant claims the court erred by refusing to instruct the jury that an intent to put another in fear is a required element of the crime of assault by means of a dangerous weapon described in G. L. c. 265, § 15B. The judge rejected the requested instruction and essentially followed the assault charge in the Model Jury Instructions for Criminal Offenses Tried in the District Court Department § 5.402 (1988),[2] tailoring it to include the element that the assault be accomplished by means of a dangerous weapon. Although the Commonwealth points out that defense counsel did not

---

[2]In pertinent part, instruction 5.402 states: "An assault may be committed in either of two ways. It is *either* an attempted battery *or* an immediately threatened battery. . . . In order to establish the first form of assault . . . the Commonwealth must prove beyond a reasonable doubt that the defendant intended to commit a battery . . . took some overt step to accomplish that intent, and came reasonably close to doing so.

"In order to prove the second form . . . the Commonwealth must prove beyond a reasonable doubt that the defendant intentionally engaged in menacing conduct that reasonably caused the victim to fear that he (she) was imminently going to be subjected to a battery by the defendant" (emphasis in original).

object after the judge's instructions, we deem the issue adequately preserved for appeal.[3]

The Massachusetts statutes that advert to conduct involving assault including G. L. c. 265, § 15B, only set forth punishments and do not define the crimes. See *Commonwealth* v. *Slaney*, 345 Mass. 135, 138 (1962). By resort to the common law, our courts have recognized two categories of assault: (1) "the oldest conception . . . an attempted but unaccomplished battery without regard to whether the victim was put in fear," *Commonwealth* v. *Richards*, 363 Mass. 299, 303 (1973) and, (2) the modern rule,[4] encompassing "putting a person in fear, as by the defendant's displaying a gun and the person's apprehending the danger, even if the defendant did not intend to shoot." *Ibid.* Of these formulations, sometimes referred to as an "attempted battery" and "immediately threatened battery," only the latter is here in issue. The judge, in the course of instructing the jury as to assault in the form of a threatened battery, carefully explained:

> "[T]he Commonwealth must prove beyond a reasonable doubt that the defendant . . . intentionally, and when we say intentionally we mean that he did so consciously and voluntarily and not by accident, inadvertence or mistake. That he intentionally engaged in men-

---

[3]The defendant apparently submitted a request for an instruction that an intent to put another in fear is a required element of the charged crime and objected when the request was denied in the course of the judge's consideration of a motion for a required finding of not guilty at the close of the Commonwealth's evidence. The defendant again objected prior to the closing argument when the judge restated his refusal to give the requested instruction, and again requested the instruction when the jury submitted a question during their deliberation. See *Commonwealth* v. *Matos*, 394 Mass. 563, 564-565 (1985); *Commonwealth* v. *Sousa*, 33 Mass. App. Ct. 433, 436 (1992).

[4]So termed in Perkins, Criminal Law at 91-93 (1957), quoted in *Commonwealth* v. *Henson*, 357 Mass. 686, 692 (1970). See *Commonwealth* v. *Slaney, supra* at 140-141 & n.8 (referring to "an additional category of criminal assault" and noting A.L.I. Model Penal Code § 211.1, [1][c] [1962], then proposed, and now including in the definition of a simple assault an "attempt[ ] by physical menace to put another in fear of imminent serious bodily injury"). See also *Commonwealth* v. *White*, 110 Mass. 407, 409 (1872).

acing conduct . . . that reasonably caused the victim to fear that he was imminently going to be subjected to a battery by the defendant. So there must have been an intention on [the] part of the defendant, that intentional act must have been menacing conduct . . . . Now when we say menacing conduct that would involve any act of placing another in reasonable apprehension that force may be used."

The jury, during deliberations, submitted the following question to the judge: "If the defendant was reaching for what the officer believed was a gun, is that a menacing act?" In response, the judge explained that he was prohibited from stating whether particular conduct constitutes a menacing act and went on to define a menacing act as "[a]ny intentional act which would reasonably place another person in fear."

Other than *Commonwealth* v. *Domingue*, 18 Mass. App. Ct. 987 (1984), upon which the defendant relies, no Massachusetts case has been brought to our attention which addresses the question of the requisite proof of intent under the threatened battery aspect of G. L. c. 265, § 15B. In *Domingue*, this court stated the jurors "were correctly instructed that conviction of assault by means of a dangerous weapon requires proof of an overt act undertaken with the intention of putting another person in fear of bodily harm and reasonably calculated to do so, whether or not the defendant actually intended to harm the victim." *Id.* at 990. In *Domingue*, the defendant, after being asked to leave a bar, fired several shots from a handgun. "The shots missed the bartender but damaged the building." *Id.* at 989. In affirming the defendant's convictions for malicious destruction of property and assault by means of a dangerous weapon, this court held that a single act of shooting a handgun could support both convictions. Perhaps focusing on the fact that shots were fired in *Domingue*, the Commonwealth argues that case to be inapposite because it involved an attempted battery rather than a threatened battery. That notion is belied by this court's observation that we found "nothing inconsistent with the jury's

having found . . . that the defendant fired the weapon . . . towards the bar . . . and that he also fully *intended to frighten* its bartender at the same time, and with the same shots" (emphasis supplied). *Id.* at 990.

The Commonwealth also argues that *Domingue* "should be reconsidered to the extent that it requires the [prosecution] to prove the defendant intended to instill fear," claiming such reconsideration would create consistency with several decisions of the Supreme Judicial Court in cases involving or formally charging assault by means of a dangerous weapon. Those cases, however, address issues relating to the ability to make good the threat or the necessity for proof of the victim's fear of harm and do not involve the issue of proof of the mental state which must accompany the threat.[5]

There is significant support among a substantial number of jurisdictions and commentators for the notion that proof of intent to cause fear or apprehension is an element of the threatened battery aspect of criminal assault. See LaFave & Scott, Substantive Criminal Law § 7.16(b) (1986); A.L.I. Model Penal Code § 211.1(1)(c) and comment 1(b) (1962). See also *State* v. *Silas,* 595 P.2d 651, 651-652 (Alaska 1979) ("[T]he majority view in this country, and that which is advocated by the better known commentators, is that either an intent to injure or an intent to cause apprehension of an immediate injury is a mental state sufficient to support a criminal assault conviction"). Moreover, criminal assault by threatened battery appears to derive from the civil tort of assault. See LaFave & Scott, *supra* at § 7.16(b); A.L.I. Model Penal Code § 211.1 and comment 1(b). "The intent required [for civil assault] is the intent to make the victim

---

[5]Cases involving menacing gestures with unloaded or imitation guns have resulted in determinations that undisclosed inability to bring about the harm threatened does not prevent conviction for assault and that "[i]t is sufficient to prove such a charge if the evidence shows an apparent ability to accomplish the battery by means of the particular weapon used." *Commonwealth* v. *Henson,* 357 Mass. 686, 693 (1970). See *Commonwealth* v. *White,* 110 Mass. 407, 409 (1872). Other cases reflect a conclusion that assault in the form of an *attempted battery* does not require proof of fear on the part of the person threatened. See *Commonwealth* v. *Slaney,* 345 Mass. 135, 138-141 (1962).

apprehensive of immediate physical harm." Nolan & Sartorio, Tort Law § 12(1)(2d ed. 1989). Accordingly, it would be illogical to require proof of intent to cause apprehension in civil assault while demanding for criminal assault only proof that the action which constitutes menacing conduct be intentional. Further, while we recognize that the "princip[le] of stare decisis is not absolute," *Commonwealth v. De Christoforo*, 360 Mass. 531, 554 (1971) (Spiegel, J., dissenting), no convincing rationale has been advanced by the Commonwealth, nor do we perceive any, warranting reconsideration of *Domingue*. The theoretically more demanding proof required under the *Domingue* formulation[6] than under the model instructions hardly is likely to generate increased breach of the peace. On the other hand, requiring proof of intent to cause apprehension may avoid possibly unjust results without jeopardizing public safety, for in most cases intentionally menacing conduct gives rise to a reasonable inference of intent to cause apprehension. See *Commonwealth v. McCarthy*, 360 Mass. 566, 568 (1971); *Commonwealth v. Marcotte*, 18 Mass. App. Ct. 391, 394, 395 n.2 (1984).[7]

In the circumstances, the judge's refusal to instruct that proof of an intent to cause fear or apprehension was required for a conviction cannot be viewed as harmless error. The instructions as given could be construed as defining the crime

---

[6]We recognize that we establish a proof requirement for the threatened battery aspect of G. L. c. 265, § 15B, different from the proof of general intent required for conviction of assault and battery by means of a dangerous weapon under G. L. c. 265, § 15A. See *Commonwealth v. Appleby*, 380 Mass. 296, 307 (1980). In the context of our decision, however, labelling as "specific" the proof of intent we require, "does not facilitate analysis." *Commonwealth v. Richards*, 363 Mass. 299, 307 n.3 (1973). Contrast *Commonwealth v. Foley*, 24 Mass. App. Ct. 114, 117 n.5 (1987). In any event, our decision does not preclude consideration, in appropriate circumstances, of the attempted battery aspect of G. L. c. 265, § 15B, as a lesser included offense of assault and battery by means of a dangerous weapon.

[7]While these cases involve armed robbery, the assault element of that offense can be established by proving assault by putting in fear which in turn can be shown by "objectively menacing conduct . . . undertaken with the intent to put the victim in fear." *Commonwealth v. Marcotte, supra* at 394.

of assault by threatened battery solely in terms of the alleged victim's apprehensive reaction to a voluntary and conscious act of the defendant that objectively constituted menacing conduct. As demonstrated by the jury's question, the instruction plausibly could have been interpreted as permitting a conviction on the basis of the officer's reasonable assessment of the defendant's action, so long as that action was not accidental, inadvertent or mistaken. The judge's response to the jury's question did not avoid the risk of a conviction based solely on the defendant's reaching for what the officer thought to be a gun, without the jury's finding criminal intent. The danger could have been avoided by an instruction defining menacing conduct as that intended or calculated to make the officer fearful or apprehensive of bodily harm or as conscious and voluntary action reasonably supporting an inference of such intention.

*Judgment reversed.*
*Verdict set aside.*