## COMMONWEALTH *vs.* THOMAS C. MUSGRAVE.

Middlesex. December 4, 1995. - January 5, 1996.

Present: LIACOS, C.J., WILKINS, O'CONNOR, GREANEY, & FRIED, JJ.

*Assault by Means of a Dangerous Weapon. Practice, Criminal,* Instructions to jury.

At the trial of a complaint for assault by means of a dangerous weapon on the theory of attempted battery, the judge erred in refusing to instruct the jury that the Commonwealth must prove that the defendant intended to cause the victim to be in fear or apprehensive of bodily harm, an element of the crime; the error was not harmless and a new trial was required. [611]

COMPLAINT received and sworn to in the Woburn Division of the District Court Department on December 5, 1991.

On transfer to the jury session of the Lowell Division, the case was tried before *John B. Murphy, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Judith B. Stephenson,* Assistant District Attorney, for the Commonwealth.

*Thomas A. Mullen* for the defendant.

FRIED, J. A District Court jury convicted the defendant of assault by means of a dangerous weapon.[1] The Appeals Court reversed. *Commonwealth* v. *Musgrave,* 38 Mass. App. Ct. 519 (1995). We granted the Commonwealth's application for further appellate review. We reverse the defendant's conviction.

---

[1] The Commonwealth filed a nolle prosequi as to the charges of malicious destruction of property and possession of a firearm without an identification card. The charge of illegal possession of a Class D substance was filed without a finding.

We adopt the Appeals Court's restatement of the facts. "Responding to a radio dispatch concerning graffiti damage, a Stoneham uniformed police officer stopped the defendant and another man. While the officer was patting down the other man, the defendant placed his hand in his waist area and then by his ankle. The officer saw a gun barrel protruding from the defendant's hand and observed that the barrel was 'moving up.' 'Scared stiff' and thinking he was going to be shot, the officer struggled with the defendant, forced the gun from his hand and subdued him.

"The defendant testified that the gun in question was an inoperable pellet pistol that fell from his waistband down the inside of his pants when he jumped to avoid the approach of the officer's cruiser. He testified that while watching the officer pat down the other man, he 'saw the need to get rid of' both the pistol and some marijuana he was carrying. After throwing the marijuana away, he turned his attention to the pistol and, without directly touching it, was in the process of pushing it downward inside his pants when he was set upon by the officer." *Commonwealth* v. *Musgrave, supra* at 519-520.

A District Court jury convicted the defendant of assault by means of a dangerous weapon. See G. L. c. 265, § 15B (1994 ed.). The defendant appealed claiming that the judge erred by refusing to instruct the jury that the Commonwealth must establish as an element of the crime that the defendant intended to place the officer in fear. On this ground, the Appeals Court reversed and set aside the verdict. We agree with this holding. The rationale underlying our decision is set out in the Appeals Court's opinion and need not be repeated here. Accordingly, we adopt the opinion of the Appeals Court and incorporate it as our own.

*Judgment reversed.*
*Verdict set aside.*