COMMONWEALTH vs. DERRICK R. SPENCER. Nos. 93-P-1078 & 94-P-1841. April 4, 1996. *Assault by Means of a Dangerous Weapon. Practice, Criminal*, Instructions to jury. *Intent*.

A Superior Court jury convicted the defendant on an indictment charging him with assault by means of a dangerous weapon (G. L. c. 265, § 15B[b]). He appeals on the grounds that the judge's instructions to the

jury and his answer to their subsequent question were incorrect.[1] The defendant did not object to either, so we appraise the error (if any) by the miscarriage of justice standard. See *Commonwealth* v. *Claudio*, 405 Mass. 481, 485-486 (1989). In answer to a question from the deliberating jury, the judge misinformed them concerning an element of the offense alleged. That answer created a substantial risk of a miscarriage of justice, and we reverse the conviction.

The evidence presented to the jury was as follows. The defendant and his wife had a physical altercation. She closed herself in the bathroom. Through the door she heard him "clicking" a shotgun that she believed was loaded. She was extremely fearful that he would kill her and himself, as he had threatened to do. The defendant's version was that, after she was in the bathroom, he sat in the kitchen, smoking a cigarette, cleaning his shotgun, and thinking about his marriage. The defendant denied that he "clicked" the shotgun or threatened his wife with it in any way.

With respect to the charge of assault by means of a dangerous weapon, the jury were instructed as follows.

> "We also have charges of assault and battery and assault, and the assault charge is an assault by means of a dangerous weapon. Now, those are very old expressions, assault and assault and battery. Essentially, an assault is a threat or an offer to do bodily harm to another person, and the battery is the physical contact portion of the crime, and it relates to the usage of force on another person intentionally, not accidentally and not justified under circumstances where serious bodily injury could occur, so the first part, the assault, is the offer or the threat. The assault and battery I would assume is quite clear to you from what I've just said. If I cock my fist back and I have a person right in front of me and I say I'm going to hit you, that's an assault. If I swing and do punch that person, then it becomes an assault and battery, so when we talk about here the charge of assault by means of a dangerous weapon we mean the threat or the offer to do this serious bodily injury, and the means of carrying it out is alleged to be a dangerous weapon."

The judge did not explain the intent required for assault by means of a dangerous weapon.

After deliberating for a time, the jury sent questions to the court.[2]

> "I've received a question from the jury. It's actually several questions. Let me try and answer them. In some instances I'm interpret-

---

[1]In light of our decision on the defendant's principal issue, we think it unnecessary to address his other contentions on appeal. Of the eight other charges against the defendant, one was dismissed before trial and the jury found the defendant not guilty of the other seven.

[2]Although the jury's communication was marked as an exhibit, it was not made part of the record on appeal. However, the judge's reading of the questions, or paraphrase of them, suffices for present purposes.

ing what I think that you have in mind. The first question is, *to find guilty for an assault charge, must there be an intent to put in fear or simply the person's scared, even if it wasn't the intent?* Legally we talk about two types of intent. We talk about a general intent and a specific intent, and I think it's easiest to give you a brief example. I go into a restaurant, I hang up my coat and after I get through eating I turn to leave and I just take a coat that I see there and I leave. I'm not trying to take anyone else's coat but take my own. In fact, I take someone else's. My action was intentional in the sense that I had a general intent to take a coat. It was not stealing because I did not have a specific intent to steal someone else's coat. If, on the other hand, *I figure my coat was kind of shabby and the other one looked pretty good and I said, I'm going to take that coat, it's a lot better than mine, then you'd say I had a specific intent.* Now, the general intent just simply means that the action was one you voluntarily were doing and it wasn't an accident. He had it in mind to go ahead and take the coat. Now, in this charge, it is required that the defendant have a specific intent, that he have it in his mind when the threats are made to kill the victim and that was a specific intention on his part, so a general intent is not sufficient for that charge, so if a person is charged with an assault with intent to kill, assault with intent to rape or any of those charges that say with an intent to do a certain type of thing, or if one threatens, there has to be an intention to do that.

"Now, the other two questions are basically the same question. I'll read both of them. What constitutes an assault? What is the definition of an assault? Well, remember the example I gave you. I cock back my fist and I say to the person that's right in front of me, I am going to hit you — that's an assault. I am threatening, I am offering to do this violent bodily damage to the person. That's the assault part of it. If I then go ahead and swing and contact the person, then it's an assault and battery. As soon as that contact takes place — and it's the kind of contact that isn't a love pat, it's something that's calculated to hurt someone violently — then it's an assault and battery, but the assault part is the threat or the offer to do harm, namely, a violent physical injury to another person, not an accident. There you have this idea of general intent, general intent only, though — you don't need a specific intent. There you just need a general intent, so it can't be an accident. You have to — your actions have to be voluntary, and you wish to carry out the act, so to use another example, I'm walking down the street, I round a corner and I run right square into someone —it's an accident. I didn't intend to walk into him. That's what's meant by those expressions." (Emphasis added.)

Of the two categories of the crime of assault, attempted battery and threatened battery, the Commonwealth's evidence to the effect that the defendant was "clicking" the shotgun outside the bathroom, while his wife inside was fearful, tended to establish a threatened battery. See *Commonwealth* v. *Domingue*, 18 Mass. App. Ct. 987, 990 (1984); *Commonwealth*

v. *Musgrave*, 38 Mass. App. Ct. 519 (1995), *S.C.*, 421 Mass. 610 (1996). The jury's question ("must there be an intent to put in fear or simply the person's scared, even if it wasn't the intent") homed in on an element of threatened battery assault, namely, whether the Commonwealth had to prove that the defendant intended to frighten his wife.

The law is clear, at least since *Domingue*, 18 Mass. App. Ct. at 990, that, in the case of a threatened battery assault, proof of an intent to cause fear is required. See *Musgrave*, 38 Mass. App. Ct. at 523. See also LaFave & Scott, Substantive Criminal Law § 7.16(b) (1986): "There must be an actual intention to cause apprehension. . . ."

In this case, the judge's initial instructions distinguished between assault and assault and battery (five counts of the latter crime, c. 265, § 13A, were charged), but the intent required for assault by means of a dangerous weapon was not explained. Later, in answer to the jury's question, the judge distinguished between general and specific intent, and he explained that "any of those charges that say with an intent to do a certain type of thing, or if one threatens, there has to be an intention to do that." Unfortunately, he went on to say, "but the assault part is the threat or the offer to do harm, namely, a violent physical injury to another person, not an accident. There you have this idea of general intent, general intent only, though — you don't need a specific intent. There you just need a general intent, so it can't be an accident."

That answer was not responsive to the jury's question, "must there be an intent to put in fear or simply the person's scared, even if it wasn't the intent?" The entire explanation, particularly the phrases ruling out "accident," created the risk, if not the likelihood, that the jury would find a threatened battery regardless of whether the defendant intended to frighten his wife. Accordingly, we agree with the defendant that his conviction of assault by means of a dangerous weapon cannot stand.

*Judgment reversed.*
*Verdict set aside.*

*Mary T. Rogers* for the defendant.
*John J. Conte*, District Attorney, *& Lynn Morrill Turcotte*, Assistant District Attorney, for the Commonwealth, submitted a brief.