## Commonwealth vs. Ngor Lengsavat.

No. 98-P-2245.

Middlesex. January 19, 2000. - May 25, 2000.

Present: Jacobs, Gillerman, & Gelinas, JJ.

*Assault by Means of a Dangerous Weapon. Practice, Criminal,* Instructions to jury. *Intent. Identification. Evidence,* Identification.

At the trial of an indictment for assault by means of a dangerous weapon "upon occupants" of a certain building in which a party had been ongoing, evidence that the defendant, while yelling and standing in the street about twenty feet in front of the building, fired several shots from a handgun into the air was sufficient evidence of intent to cause the occupants to fear or apprehend immediate physical harm; the defendant's motion for a required finding of not guilty was properly denied. [244-245]

At the trial of an indictment for assault by means of a dangerous weapon, the judge's instructions on the element of intent were not deficient or misleading. [245]

At the trial of a criminal case, there was no error in the judge's rulings on identification testimony and evidence. [245-246]

Indictments found and returned in the Superior Court Department on July 3, 1997.

The cases were tried before *Judith A. Cowin,* J.

*Seth H. Hochbaum* for the defendant.

*Thomas D. Ralph,* Assistant District Attorney, for the Commonwealth.

Jacobs, J. The defendant seeks a reversal of his convictions by a Superior Court jury of assault by means of a dangerous weapon, G. L. c. 265, § 15B(*b*), and illegal possession of a firearm, G. L. c. 269, § 10(*a*), or alternatively a new trial.[1] These charges arose after the defendant was identified as the

---

[1]The sentences imposed were (1) two and one-half years in the house of correction for the conviction of illegal possession of a firearm, and (2) after release from that sentence, a five-year term of probation for the assault by means of a dangerous weapon conviction.

person who fired several shots from a handgun into the air outside an apartment building in Lowell where a birthday party was in progress.

1. *Motion for a required finding of not guilty.* The indictment under G. L. c. 265, § 15B(*b*), expressly accused the defendant of "an assault upon occupants [of the building where the party was held]." The defendant argues the evidence was insufficient to show that the firing of shots in the air satisfies the intent element of the immediately threatened battery branch of assault as required by *Commonwealth* v. *Musgrave*, 38 Mass. App. Ct. 519, 524 (1995), *S.C.*, 421 Mass. 610 (1996).[2]

The relevant factual evidence viewed in the light most favorable to the Commonwealth is as follows. The birthday party took place in two rooms on the first floor of an apartment building, reached through a door located about twenty to twenty-five feet down a hallway from a street entrance. It was a "very crowded" party. The defendant was observed during the evening "drifting around [and] going from one room to another." Near midnight two fights broke out, one in the hallway and another in the room where there had been dancing. A degree of chaos followed during which many of the partygoers ran to the street.[3] Some of them were observed standing "in front of the doorway" to the building while "two or three guys" were standing on the street (about twenty to twenty-five feet from the building), "yelling back and forth . . . one of them had his hand in the air." At that time, the one whose hand was "in the air" was observed firing several shots into the air from what appeared to be a small handgun and was heard to say, "What's going on," and "What's up?"[4] He later was identified as the defendant.

The firing of the shots, in this factual and evidentiary context, supports a reasonable inference that the defendant engaged in "intentionally menacing conduct [which] gives rise to a reasonable inference of intent to cause apprehension [of harm]." *Commonwealth* v. *Musgrave, supra.* The shots were fired in close

---

[2]There is no indication that the Commonwealth prosecuted the case under the "attempted battery" branch of assault. See, e.g., *Commonwealth* v. *Richards*, 363 Mass. 299, 303 (1973).

[3]A number of partygoers remained in the hallway. Hearing "bangs" or "firecracker noises" and also screaming of people outside, one witness testified that he did not open the front door because he was "[s]cared."

[4]This witness testified that she "was yelling at him to stop" shooting. The defendant was facing her and there was a group of partygoers behind her at the doorway to the building.

temporal and physical proximity to partygoers who were leaving the party. Although there is no evidence that the defendant pointed the gun at any of them, or directed any express verbal threats to them, he was one of those "yelling back and forth" at the group of partygoers near the doorway, and his "voluntary and conscious act," *id.* at 525, of firing the shots in the air at that time reasonably could be viewed as menacing conduct "intended or calculated to make the [partygoers] fearful or apprehensive of bodily harm." *Ibid.*[5] We therefore conclude that the defendant's motion for a required finding of not guilty properly was denied.

2. *Jury instructions.* Contrary to the defendant's assertions, the judge's instructions were not deficient in stating the intent element for the charged crime. The specific instruction included: "There must be proof of an intent to cause the victim['s] or victims['] fear or apprehension of immediate harm. There must be an actual intention to cause fear or apprehension." Preceding this section was an instruction on the meaning of intent which the judge introduced by stating that "the offenses in this case involve intent." Viewed as a whole, and not parsed as the defendant does, we conclude a reasonable juror would not have used the instruction incorrectly. *Commonwealth* v. *Rosa*, 422 Mass. 18, 27 (1996). Contrast *Commonwealth* v. *Kushner*, 43 Mass. App. Ct. 918 (1997).

3. *Identification testimony.* Material to the defendant's conviction of illegal firearm possession are his claims of error with respect to his identification. He asserts that there was a significant variation between the testimony of a police officer who, shortly after the events at the party in this case, observed

---

[5]There is no merit in the defendant's contention that the indictment should be narrowly construed and limited to "occupants." He argues it would be unreasonable to infer that the partygoers inside the building would have had any apprehension of harm from the shots fired outside the building. He further claims that those who left the party and went into the street no longer were "occupants" and could not be considered victims.

The use of the word "occupants" in the indictment did not limit proper notice to the defendant of the charged crime or its essential elements, nor was he prejudiced in his defense. See generally *Commonwealth* v. *Hobbs*, 385 Mass. 863, 869-870 (1982), and cases cited; *Commonwealth* v. *Kope*, 30 Mass. App. Ct. 944, 945 (1991). Moreover, given the evidence of partygoers congregating at the doorway of the building in which the party was held, the distinction between these recent occupants and those still in the building is one of more form than substance.

a witness pick a photograph of the defendant from an array[6] presented to her at the police station, and the witness's testimony stating that she had selected a photograph of the shooter. Although the witness acknowledged at trial, over a year after the events, that she would not be able to identify that person in court,[7] there was no equivocation in her testimony concerning her selection of the photograph at the police station. Similarly, there was nothing equivocal about the officer's testimony, given without objection, that the witness had selected a photograph, and that the photograph was that of the defendant. The officer's testimony properly was admitted as corroboration of the extrajudicial identification. See generally *Commonwealth* v. *Daye*, 393 Mass. 55, 60 & n.8 (1984). See also *Commonwealth* v. *Crowley*, 29 Mass. App. Ct. 1, 7 (1990).

There also is no merit in the further assertion that the judge erred in allowing the officer's testimony that the selected photograph was that of the defendant. Defense counsel, properly cautioned by the judge not to probe the officer as to how he knew the defendant (there was a very real risk that the officer might state he had previously arrested the defendant),[8] decided not to pursue the matter, withdrawing his earlier objection intending to challenge how the officer knew that the photograph was that of the defendant. The judge did not err, nor was trial counsel ineffective. Compare *Commonwealth* v. *Fuller*, 394 Mass. 251, 255-256 (1985).

*Judgments affirmed.*

---

[6]The array was not introduced in evidence.

[7]The officer identified the defendant in court.

[8]The prosecutor stated at side bar that the photograph was taken "the last time [the defendant] was involved in a shooting and was arrested as a juvenile."