COMMONWEALTH *vs.* ROBERT L. FORTIER, SECOND.

No. 99-P-1346.

Hampshire. June 25, 2001. - September 27, 2002.

Present: DREBEN, CYPHER, & BERRY, JJ.

*Abuse Prevention. Attempt. Due Process of Law,* Abuse prevention, Elements of criminal offense.

To establish a criminal violation of an abuse prevention order under G. L. c. 209A, § 7, based on attempted physical harm as defined in G. L. c. 209A, § 1(*a*), the Commonwealth was required to prove that (1) there was a valid c. 209A abuse prevention order in effect on the date of the alleged violation; (2) the defendant knew of the order; (3) the defendant had the specific intent to cause physical harm to the victim; (4) the defendant undertook an overt act toward the commission of the physical harm; and (5) the overt act was some undertaking that could reasonably be expected to cause the physical harm. [116-118, 119-121]

This court reversed the defendant's conviction of violating an abuse prevention order under G. L. c. 209A, § 7, based on attempted physical harm as defined in G. L. c. 209A, § 1(*a*), where, even assuming that the defendant's solicitation of the complainant's friend to harm the complainant could constitute the necessary overt act for an attempt, any expectation that the defendant's solicitation would play out in accomplishment was absurd, given the friend's refusal to acquiesce; moreover, the defendant's threatening words could not be the necessary overt act, where there was insufficient evidence that the defendant's words carried any indicia of proximate execution of the substantive crime. [121-123]

COMPLAINT received and sworn to in the Ware Division of the District Court Department on October 29, 1998.

The case was heard by *Thomas T. Merrigan,* J.

*Daniel J. Murphy* for the defendant.

*Steven Greenbaum,* Assistant District Attorney, for the Commonwealth.

BERRY, J. The issue presented is whether a criminal violation under the abuse prevention statute for "attempting to cause . . .

physical harm," G. L. c. 209A, § 1(*a*),[1] requires that the attempt be proved consistent with the elements of proof generally required for attempted criminal offenses, or whether the term "attempting" in this provision of c. 209A has a different meaning. We follow the precedent in *Commonwealth* v. *Gordon*, 407 Mass. 340 (1990), which construed a related abuse violation in G. L. c. 209A, § 1, and hold that a § 1(*a*) abuse violation requires proof consistent with the elements of attempt as applied in similar criminal attempt offenses. Therefore, to establish a criminal violation under G. L. c. 209A, § 7, based on attempted physical harm as defined in G. L. c. 209A, § 1(*a*), the Commonwealth must prove that (1) there was a valid c. 209A abuse prevention order in effect on the date of the alleged violation; (2) the defendant knew of the order; (3) the defendant had the specific intent to cause physical harm to the victim;[2] (4) the defendant undertook an overt act toward the commission of the physical harm; and (5) the overt act was some undertaking that could reasonably be expected to cause the physical harm.[3,4] Because the standard for attempting to cause physical harm applied by the trial judge was legally incor-

---

[1]General Laws c. 209A, § 1, as amended by St. 1990, c. 403, § 2, defines "abuse" as "(*a*) attempting to cause or causing physical harm; (*b*) placing another in fear of imminent serious physical harm; [or] (*c*) causing another to engage involuntarily in sexual relations by force, threat or duress."

[2]With respect to the general elements of proof of a G. L. c. 209A, § 7, abuse prevention order violation, see generally *Commonwealth* v. *Silva*, 431 Mass. 401, 403 (2000), and *Commonwealth* v. *Rauseo*, 50 Mass. App. Ct. 699, 704-705 (2001).

[3]With respect to the general elements of proof of attempt, see G. L. c. 274, § 6, which provides in pertinent part: "Whoever attempts to commit a crime by doing any act toward its commission, but fails in its perpetration, or is intercepted or prevented in its perpetration, shall [be guilty of the crime of attempt] . . . ." The requirement of an overt act is developed in the case law. See *Commonwealth* v. *Dixon*, 34 Mass. App. Ct. 653, 655 (1993) ("Generally, the elements of an attempt consist of the intent to commit a specific crime, some overt act toward its commission, and failure or interruption"); *Commonwealth* v. *Purrier*, 54 Mass. App. Ct. 397, 401-402 (2002).

[4]These elements are consistent with those for an attempted battery. See *Commonwealth* v. *Musgrave*, 38 Mass. App. Ct. 519, 521 (1995), *S.C.*, 421 Mass. 610 (1996).

rect,[5] and because there is insufficient evidence to support a conviction when the correct legal standard is applied, we reverse and order a judgment for the defendant.

1. *Background facts.* On June 6, 1998, the complainant, Danielle Demers, obtained a G. L. c. 209A protective order against the defendant, her brother-in-law.[6] The order was extended to June, 1999. In October, 1998, while at a party, the defendant met Tonya Edwards, one of Demers's schoolmates. The defendant struck up a conversation with Edwards in which he expressed his ill will toward Demers. He then asked Edwards if she would be willing to beat up Demers. Edwards refused. The defendant heightened his invective, calling Demers a "bitch," and stating that he wanted to kill Demers. A few days later, Edwards told Demers what the defendant had said. Demers filed a criminal complaint alleging that the defendant had violated the outstanding c. 209A abuse prevention order. In her statement to the police, Demers alleged that Edwards told her that the defendant had called Demers a "crazy bitch" and had said that he was going to kill Demers or, if he did not get to her, he would have someone else do it and pay that person to put her in a hospital.[7]

2. *The trial.* The defendant, charged with a violation of the order, elected a jury-waived trial. At the close of the Commonwealth's evidence, the defendant filed a motion for a required finding of not guilty, asserting that the elements of criminal attempt applied and that there was insufficient evidence

[5]We note that the defendant's counsel carefully preserved the issue for appellate review, objecting to the trial judge's failure to apply the elements of criminal attempt. In support of this claim of legal error, trial counsel also filed a comprehensive memorandum of law with supporting authorities.

[6]The order prohibited the defendant from acts of abuse as defined in G. L. c. 209A, § 1, and imposed both a "no contact" prohibition and a "stay away" directive to the effect that the defendant not intrude in a space measured fifty yards from Demers, her residence, and her places of employment. The order also directed the surrender of any guns to the police. The circumstances that gave rise to entry of the order are not in the record.

[7]The trial testimony of Edwards concerning what the defendant had stated to her was less fulsome than what Demers alleged in her statement and testified to at the jury-waived trial. Edwards's testimony was limited to the defendant's request that Edwards beat up Demers and to the defendant's threat to kill Demers. The trial judge found Edwards more credible and rested his decision on her testimony.

to meet these elements. The Commonwealth argued that the legal definition of criminal attempt was inapplicable and that a "vernacular" and "literal" meaning of the word attempt should be employed by the trial judge. Confronted by this issue of first impression, the trial judge requested additional briefing and held a further posttrial hearing. After consideration, the judge declined to apply the elements of criminal attempt. He reasoned that, in G. L. c. 209A, § 1(*a*), attempt is not being referenced in "the conventional criminal sense." He determined that the term should be construed as a "colloquial expression." To do that, the judge adopted a dictionary definition of attempt as "mean-[ing] to make an effort to do something." Based on that definition, the judge concluded that the defendant's statements to Edwards reflected "an effort to do [something] in violation of the Restraining Order." In particular, he focused on the request that Edwards beat up Demers, and he found that such an action constituted an attempt to cause physical harm. Accordingly, the judge entered a guilty finding.

3. *The attempt provision in G. L. c. 209A, § 1(a).* The elements of proof underlying the abuse offense of attempting to cause physical harm as provided in G. L. c. 209A, § 1(*a*), have not been directly addressed in the case law. However, following Supreme Judicial Court precedent in a similar matter under c. 209A, we conclude that the legal definition of criminal attempt (see notes 3 and 4, *supra,* and accompanying text) is appropriately applied to this § 1(*a*) abuse offense which, like criminal attempt, is predicated on an unsuccessful but affirmative effort at commission of the underlying offense — here, causing physical harm. See *Commonwealth* v. *Purrier*, 54 Mass. App. Ct. 397, 401-402 (2002); *Commonwealth* v. *Musgrave*, 38 Mass. App. Ct. 519, 521 (1995), *S.C.,* 421 Mass. 610 (1996). It is a logical progression in this statutory construction to read § 1(*a*) in line with criminal attempt offenses, such as the offense of attempted battery. See note 4, *supra.* "If the language of the statute is 'fairly susceptible [of] a construction that would lead to a logical and sensible result' . . . we will construe [it] so 'as to make [it an] . . . effectual piece[] of legislation in harmony with common sense and sound reason.' " *Commonwealth* v. *Williams*, 427 Mass. 59, 62 (1998), quoting from

*Commonwealth* v. *A Juvenile*, 16 Mass. App. Ct. 251, 254 (1983).

This approach to statutory interpretation has been followed by the Supreme Judicial Court in construing certain of the criminal provisions of G. L. c. 209A. Guided by the legislative purposes underlying the Abuse Prevention Act, which are to provide "a statutory mechanism by which victims of family or household abuse can enlist the aid of the State to prevent further abuse," *Commonwealth* v. *Gordon*, 407 Mass. 340, 344 (1990), and to empower enforcement of the act by criminal sanctions, the Supreme Judicial Court postulated that the Legislature was aware of those particular criminal law antecedents that are similar to the criminal provisions in c. 209A. Thus, in *Gordon*, the Supreme Judicial Court applied the common law of assault to G. L. c. 209A, § 1(*b*), which defines the crime of abuse as "placing another in fear of imminent serious physical harm." *Id.* at 349. The court held that the particular abuse violation in § 1(*b*) "closely approximates the common law description of the crime of assault. We must presume that the Legislature was aware of the common law definition of assault when it provided a similar definition for 'abuse' in c. 209A . . . . Accordingly, we turn to the common law treatment of assault for guidance in our examination of c. 209A." *Ibid.*

The same analysis applies, and the same principle is true, with respect to the related abuse violation of "attempting to cause . . . physical harm." G. L. c. 209A, § 1(*b*). Employing this analysis, we presume that when the Legislature enacted the abuse prevention law, it was aware of the established principles of the common law crime of attempt and the law interstitially developed in construing the attempt statute, G. L. c. 274, § 6. See *Commonwealth* v. *Purrier, supra.* Cf. *Commonwealth* v. *Russ R.,* 433 Mass. 515, 520 (2001) ("Legislature is presumed to be aware of existing statutes when it . . . enacts a new one").

This analysis of the element of attempt in G. L. c. 209A, § 1(*a*) — in addition to following *Commonwealth* v. *Gordon, supra* — tracks a preexisting pattern in the development of State criminal law in which there has been application of the criminal law of attempt in connection with other substantive crimes. To illustrate: the attempt to murder statute, G. L. c. 265,

§ 16, is an independent substantive crime; however, the elements of criminal attempt have been deemed applicable to that crime of attempt to murder. See *Commonwealth* v. *Dixon*, 34 Mass. App. Ct. 653, 655 (1993). This is similarly the case with respect to the crime of attempted arson. See G. L. c. 266, § 5A; *Commonwealth* v. *Peaslee*, 177 Mass. 267 (1901).

Given the foregoing, it is a "logical and sensible" statutory construction, see *Commonwealth* v. *Williams, supra,* to look to similar criminal law definitions for attempt, most particularly attempted battery, in interpreting the G. L. c. 209A, § 1(*a*), violation of attempting to cause physical harm. Such an incorporation follows both existing precedent in *Commonwealth* v. *Gordon, supra,* concerning c. 209A, as well as the general development of the criminal law of attempt. Cf. *Commonwealth* v. *Matsos*, 421 Mass. 391, 394 (1995) (relying on common law definition of assault in construing element of stalking statute [G. L. c. 265, § 43] involving placing of victim in imminent fear of death or bodily injury).

4. *Insufficiency of the evidence.* The usual procedural path, upon reversal of a conviction for error in the identification of elements of proof, would be remand for a new trial. We do not follow that path here because we have determined that, when the appropriate legal standard is applied, there is insufficient evidence to support the defendant's conviction for attempting to cause physical harm under G. L. c. 209A, § 1(*a*). At trial, there was a challenge to the sufficiency of the evidence, but the trial judge denied the defendant's motion for a required finding of not guilty. The standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia*, 443 U.S. 307, 319 (1979). Upon review of the record, we conclude that the defendant's statements to Edwards provided insufficient evidence to prove an attempt to cause Demers physical harm.[8]

To sustain a conviction for criminal attempt, the Com-

---

[8]The Commonwealth argues that the conviction may be affirmed on appeal as a G. L. c. 209A, § 1(*b*), violation in that the defendant's statements to Ed-

monwealth must prove (1) a specific intent to commit the substantive offense, in this case the offense of causing physical harm; and (2) an overt act toward its commission, which overt act "must approach the achievement of the substantive crime attempted near enough to warrant criminal liability." *Commonwealth* v. *Gosselin*, 365 Mass. 116, 121 (1974). See *Commonwealth* v. *Foley*, 24 Mass. App. Ct. 114, 115 (1987). The Commonwealth argues that, even if one were to consider the elements of a criminal attempt applicable in this case, the attempt was proved by the defendant's solicitation of Edwards, which the Commonwealth says constituted the overt act. Even assuming a solicitation may constitute the necessary overt act for an attempt, as Chief Justice Holmes[9] explained in *Commonwealth* v. *Peaslee*, *supra* at 272, a particular overt act does not complete the attempt offense "if further acts are contemplated as needful." As then-Justice Holmes stated in an earlier opinion, "it is not necessary that the [overt] act should be such as inevitably to accomplish the crime by the operation of natural forces . . . . Usually acts which are expected to bring about the end without further interference on the part of the criminal are near enough, *unless the expectation is very absurd.*" *Commonwealth* v. *Kennedy*, 170 Mass. 18, 20-21 (1897) (emphasis added). Here, in light of Edwards's professed refusal to beat up Demers, any expectation that the defendant's solicitation would play out in accomplishment was "very absurd."

The Commonwealth, in the alternative, suggests that the defendant's threatening words to the effect that he would kill

wards might be taken as having placed Demers "in fear of imminent serious physical harm." The Commonwealth also urges affirmance on the ground that the defendant violated the no contact provision of the restraining order by threatening Demers, intending that Edwards relay the information to Demers. (There was no evidence that the defendant requested that Edwards tell Demers.) We do not address either of these alternative theories of proof because it is indisputable that the guilty finding was predicated on the attempt provisions in G. L. c. 209A, § 1(*a*). The judge's finding of guilt is definitive on the point: "I'm going to enter a finding of guilty based on the attempt."

[9]For an erudite précis of the common law crime of attempt, and a colorfully written exegesis of Chief Justice Holmes's writings on attempt, see generally the analysis of Justice Kaplan in *Commonwealth* v. *Hamel*, 52 Mass. App. Ct. 250, 257-258 (2001).

Demers[10] were enough to satisfy the overt act element. An overt act, however, requires some external, objective manifestation of an action in furtherance of commission of the underlying substantive offense.[11] By and large, an overt act requires an undertaking, not merely talk. Words alone generally will not suffice, unless the words, in the manner of verbal acts, activate for imminent execution actions that are reasonably certain to effect within close proximity the commission of the substantive crime. In this case, however, there was insufficient evidence that the defendant's words to Edwards carried any such indicia of proximate execution of the substantive abuse violation of causing physical harm under G. L. c. 209A, § 1(*a*). See *Commonwealth* v. *Dixon*, 34 Mass. App. Ct. 653, 657 (1993) ("The overt act required for an attempt must . . . come very near to accomplishment of the result"). See also *Commonwealth* v. *Ortiz*, 408 Mass. 463, 472 (1990). Hence, the defendant's words could not, as the Commonwealth urges, be the necessary overt act for the abuse violation of attempting to cause physical harm.

*Judgment reversed.*

*Finding set aside.*

*Judgment for defendant.*

---

[10]There are, of course, other statutes that criminalize threatening words, but the defendant was not so charged. See, e.g., G. L. c. 275, § 2, which was analyzed in *Commonwealth* v. *Troy T.*, 54 Mass. App. Ct. 520 (2002).

[11]To summarize Instruction 5.02 and its Supplemental Instruction on attempt in the Model Jury Instructions for Use in the District Court (1995): the overt act must be an actual, objective action to further execution of the crime, that is, one which may reasonably be expected to trigger a natural chain of events leading to consummation of the substantive crimes, unless an external event intervenes.