The defendant appeals from his conviction, following a bench trial, of assault by means of a dangerous weapon. See G. L. c. 265, § 15B(
 
 b
 
 ). We affirm.
 

 The defendant claims that the Commonwealth failed to introduce evidence sufficient to support a conviction under G. L. c. 265, § 15B(
 
 b
 
 ).
 
 [2]
 
 We view the evidence in the light most favorable to the Commonwealth to determine whether it is sufficient to allow any rational trier of fact to find the existence of the essential elements of the charged crime beyond a reasonable doubt. See
 
 Commonwealth
 
 v.
 
 Latimore
 
 ,
 
 378 Mass. 671
 
 , 677-678 (1979). "[A]n assault may be accomplished in one of two ways-either by an attempted battery, or by putting another in fear of an immediately threatened battery."
 
 Commonwealth
 
 v.
 
 Gorassi
 
 ,
 
 432 Mass. 244
 
 , 247 (2000). To convict under the theory of immediately threatened battery, "the Commonwealth must prove that the defendant engaged in 'objectively menacing' conduct with the intent to put the victim in fear of immediate bodily harm."
 

 Id
 

 . at 248
 
 , quoting from
 
 Commonwealth
 
 v.
 
 Musgrave
 
 ,
 
 38 Mass. App. Ct. 519
 
 , 524 n.7 (1995),
 
 S
 
 .
 
 C
 
 .,
 
 421 Mass. 610
 
 (1996).
 

 The judge heard testimony that when the victim arrived at 150 Ware Street the defendant was outside using a crossbow. The victim remained in his vehicle in the driveway while conversing with his wife through the vehicle's open window, while she was leaning on the door. The victim testified that during his conversation, he heard the sound of an arrow being shot from the crossbow and then the "click back" of the crossbow being pulled back. Upon hearing those sounds, the victim, being familiar with crossbows, thought that the crossbow was "locked and loaded." The victim testified that the defendant was approximately ten yards away from the victim's vehicle when the defendant lifted the crossbow, aimed it at the victim, and imitated the sound of an arrow being shot. The victim testified that the position of his wife did not block his line of sight to the defendant. The defendant's actions frightened the victim and he quickly left the property, immediately driving to the police station to report the incident.
 

 Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to allow a rational fact finder to conclude that the defendant engaged in objectively menacing conduct, witnessed by the victim, that put the victim in fear of immediate bodily harm. See
 
 Commonwealth
 
 v.
 
 Arias
 
 ,
 
 78 Mass. App. Ct. 429
 
 , 435 (2010) (rational fact finder could reasonably conclude that threatened battery occurred where evidence showed that defendant lurched his truck at victim who was standing a few feet away and was in imminent fear for his life).
 

 There is no merit in the defendant's argument that he did not possess the requisite intent to place the victim in fear of an imminent threatened battery because the defendant would not risk hitting the victim's wife. The judge was permitted to draw an inference that a reasonable person would understand that the defendant's conduct of aiming his crossbow at the victim and mimicking the sound of an arrow being fired would place the victim in fear. See
 
 Commonwealth
 
 v.
 
 Casale
 
 ,
 
 381 Mass. 167
 
 , 173 (1980) ("The inferences drawn by the [fact finder] need only be reasonable and possible and need not be necessary or inescapable").
 

 Judgment affirmed
 
 .
 

 The defendant does not contest the dangerous weapon element of the charged crime.