In this direct appeal from his conviction, after a bench trial, of assault,[2] the defendant's only argument is insufficiency of the evidence.[3] We affirm.
"[A]n assault may be accomplished in one of two ways -- either by an attempted battery, or by putting another in fear of an immediately threatened battery." See Commonwealth v. Gorassi, 432 Mass. 244, 247 (2000). An assault is thus "defined as either an attempt to use physical force on another, or as a threat of use of physical force." Id. at 248. In the first form of assault, the Commonwealth need not prove that the victim be placed in fear; in the second, the Commonwealth must prove that "the defendant engaged in 'objectively menacing' conduct with the intent to put the victim in fear of immediate bodily harm." Id., quoting Commonwealth v. Musgrave, 38 Mass. App. Ct. 519, 524 n.7 (1995).
Viewed under the standard of Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), the evidence permitted the judge to find the following. The defendant had been in a tumultuous on-and-off relationship with the victim for over three years. Arguments were a regular feature of their relationship. The defendant was a six foot tall personal trainer weighing 220 pounds who worked out twice a day. He was, in his words, "humongous." The victim was forty-one years old, five feet two inches tall, and weighed 120 pounds. The day before the events at issue, the victim and the defendant had (once again) broken up. They arranged that the defendant would come to the victim's apartment the following day at three o'clock to pick up his humidor. Instead, he arrived without warning at nine o'clock in the morning. Although he did not have keys to the premises, he somehow managed to get through the outer locked door of the apartment complex. He then got into the victim's apartment by knocking loudly and telling the victim's nineteen year old son to open the door. The son did not know the state of affairs between his mother and the defendant, and so complied. An argument ensued, during which the victim repeatedly told the defendant to leave but he did not. The argument can be heard -- and its duration, its vehemence, and the victim's fear can be appreciated -- by listening to the various 911 telephone call recordings (which we have done). Instead, the defendant refused to leave, and proceeded to the victim's small bedroom where the humidor was located. A struggle ensued; the victim attempted to prevent the defendant from getting the humidor, while the defendant tried to push past her. The defendant laid hands on the victim, and as a result of the conflict, she sustained bruising on her leg. The argument was sufficiently heated that multiple calls were placed to 911, including one by the victim's younger son. When police arrived, the defendant opened the door, raised his arms up instead of turning around as instructed, and was uncooperative. The officer felt he needed to use his taser gun to subdue him.
On this record, the evidence amply supported either form of assault.
Judgments affirmed.

The defendant was charged with the greater offense of assault and battery on a household member. The judge acquitted him of that charge, but convicted him of simple assault as a lesser included offense. See Commonwealth v. Porro, 458 Mass. 526, 534 (2010) (both forms of assault are lesser included offenses of assault and battery).

The defendant does not challenge his conviction for trespass.