After a jury trial, the defendant was convicted of assault by means of a dangerous weapon, vandalism, and violation of an abuse prevention order.[1] On appeal, he claims the judge abused his discretion by denying his motion to sever, and that there was insufficient evidence to support his conviction of assault by means of a dangerous weapon. We affirm.
1. Motion to sever. The defendant twice moved to sever the violation of the abuse prevention order from the remaining charges. The motion was also twice denied. The defendant claims it was prejudicial error to join these charges and he was thereby denied a fair trial. We disagree.
A decision to sever charges is one left to the sound discretion of the judge. Commonwealth v. DePina, 476 Mass. 614, 628 (2017). Absent "a clear abuse of discretion," we will not disturb the judge's ruling in this regard. Commonwealth v. Allison, 434 Mass. 670, 679 (2001). The defendant "bears the burden of demonstrating that the offenses were unrelated, and that prejudice from joinder was so compelling that it prevented him from obtaining a fair trial." Commonwealth v. Pillai, 445 Mass. 175, 180 (2005), quoting Commonwealth v. Gaynor, 443 Mass. 245, 260 (2005). In showing that the offenses are unrelated under Mass. R. Crim. P. 9 (a), 378 Mass. 859 (1979), the defendant must show that the offenses lack "factual similarities." Pillai, supra. See Commonwealth v. Feijoo, 419 Mass. 486, 494-495 (1995) (offenses are related if "the evidence in its totality shows a common scheme and pattern of operation that tends to prove" each of the crimes). Also, in showing prejudice, the defendant must prove that he was foreclosed from pursuing a "particular tactic or right" at trial, Commonwealth v. Spray, 467 Mass. 456, 469 (2014), and that the judge's decision fell "outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Here, both incidents involved the same victim, the same location, the same type of conduct, and the same motivation for that conduct. In particular, in both cases, the defendant appeared at the victim's home uninvited, either yelling or acting upset, due to problems in his dating relationship with the victim.[2] In addition, the defendant has also failed to show that joinder of his indictments foreclosed him from pursuing a particular tactic or right at trial. See Commonwealth v. Torres, 86 Mass. App. Ct. 272, 275-276 (2014).
Finally, the evidence of the assault by means of a dangerous weapon and vandalism charges would have been admissible at a trial on the violation of the abuse prevention order. The " 'prosecution [is] entitled to present as full a picture as possible of the events surrounding the incident itself,' as long as the probative value of the evidence presented is not substantially outweighed by any prejudice to the defendant." Commonwealth v. Hernandez, 473 Mass. 379, 394 (2015), quoting Commonwealth v. Robidoux, 450 Mass. 144, 158 (2007). Moreover, because the assault and vandalism charges led the victim to seek an abuse prevention order, the charges were "inextricably intertwined" and that evidence would have been permitted at a separate trial had one occurred. Hernandez, supra, quoting Commonwealth v. Marrero, 427 Mass. 65, 67 (1998). See Commonwealth v. White, 60 Mass. App. Ct. 193, 195-197 (2003). There was no abuse of discretion.
2. Sufficiency of the evidence. The defendant claims the evidence was insufficient to convict him of assault by means of a dangerous weapon because the Commonwealth failed to prove that he had the intent to commit a battery against the victim. We disagree.
When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). Under common law, "an assault is defined as either an attempt to use physical force on another, or as a threat of use of physical force." Commonwealth v. Gorassi, 432 Mass. 244, 247-248 (2000). "Under the attempted battery theory, the Commonwealth must prove that the defendant intended to commit a battery, took some overt step toward accomplishing that intended battery, and came reasonably close to doing so." Commonwealth v. Melton, 436 Mass. 291, 295 (2002). But an attempted battery does not require proof "that the victim [was] aware of the attempt or [was] put in fear by it." Commonwealth v. Gorassi, supra at 248. "In the case of a threatened battery type of assault, the Commonwealth must prove that the defendant engaged in 'objectively menacing' conduct with the intent to put the victim in fear of immediate bodily harm." Id., citing Commonwealth v. Musgrave, 38 Mass. App. Ct. 519, 524 n.7 (1995), S.C., 421 Mass. 610 (1996).
The defendant does not challenge whether there was sufficient evidence that the victim was threatened by rocks crashing through her bedroom window at 5:30 A.M., whether the victim perceived the threat, or whether a rock qualifies as a dangerous weapon. Rather, the defendant claims the sole issue is whether the defendant's intent was to commit a battery against the victim when he threw rocks through her bedroom window.
Here, in the light most favorable to the Commonwealth, there was evidence that the victim was awakened by baseball-sized rocks crashing through her bedroom window and entering the room. The defendant was standing outside the window angrily yelling at the victim and accusing her of having a man in her bedroom. As the defendant had been in the victim's bedroom in the past, he would have known that her bed was placed against the wall where the rocks entered the room. In fact, the rocks and the broken glass were found on the floor next to the bed.[3] This was sufficient to establish that the defendant was engaged in objectively menacing conduct and that he intended to place the victim in fear of an imminent battery. See Commonwealth v. Lengsavat, 49 Mass. App. Ct. 243, 244-245 (2000). This evidence amply supported the defendant's conviction of assault by means of a dangerous weapon.
Judgments affirmed.

The judge granted the defendant's motion for a required finding of not guilty on a charge of breaking and entering in the daytime with the intent to commit a felony.

Although the incidents occurred ten months apart, the defendant makes no claim that there was misjoinder on this basis. See Feijoo, 419 Mass. at 489, 495 (five-year time gap between offenses did not lead to misjoinder); Commonwealth v. Mamay, 407 Mass. 412, 417 (1990) (eight-month interval between offenses insignificant in light of similarity of method and location).

The defendant's claim that a tapestry covering the window prevented the rocks from entering the room is belied by the record. Both the victim and a responding police officer testified that the rocks entered the room and were on the floor with broken glass next to the bed. Also, photographs of the rocks on the bedroom floor were entered as exhibit numbers 4 and 5.