A jury convicted the defendant of the lesser included offense of unarmed robbery on two indictments charging armed robbery while masked.[2] On appeal the defendant argues that the evidence was insufficient to support her convictions and that the trial judge erred in failing to ask a juror an agreed-upon question during empanelment. We affirm.
Background. We summarize the evidence, and the reasonable inferences therefrom, in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). The defendant lived on the second floor of a three-family home in Brockton. Michelle Macchi lived on the first floor with her boy friend Rafael DeJesus, her teenage daughter Brittany Garney, and Garney's boy friend Rakeem Tubbs. Macchi regularly used "crack" cocaine, which the defendant sometimes provided.
A few days before the robbery, the defendant supplied Macchi with crack cocaine, and Macchi promised to pay $250 in return. Around 8 P . M . on the day of the robbery, Macchi brought one hundred dollars upstairs to the defendant, and they agreed that she would pay the rest later that week. A short time later, however, the defendant knocked on Macchi's back door. When DeJesus answered, the defendant and three masked men pushed their way into the apartment. Once inside, the defendant directed the men to Garney's bedroom. One man kicked open the locked bedroom door, knocking it off its hinges. The defendant ordered the men to take "the good stuff," meaning the television and laptop computer, as Garney cried hysterically and begged the defendant to stop. The defendant was leading the men and showing them where to look.
When Garney refused to hand over the laptop, one man put a knife to her throat and ripped the laptop out of her hands. Meanwhile, Tubbs struggled with another man to prevent him from taking the television, but let go of it upon seeing the first man draw a knife. Tubbs also saw one of the men flash a firearm.[3] The defendant and the men eventually left the apartment with the laptop and the television.
Discussion. 1. Sufficiency of the evidence. We review the evidence in the light most favorable to the Commonwealth to determine whether any "rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt." Commonwealth v. Mendez, 476 Mass. 512, 523 (2017). The Commonwealth proceeded against the defendant on a theory of joint venture, which required it to prove that she "knowingly participated with [her coventurers] in the commission of [an] [un]armed robbery and shared the necessary intent for the crime." Commonwealth v. Benitez, 464 Mass. 686, 689 (2013). The substantive crime of unarmed robbery required proof that the defendant robbed the victims "by force and violence, or by assault and putting in fear." G. L. c. 265, § 19 (b ).[4]
The defendant argues that the Commonwealth failed to prove that she knew or intended that the men would take the victims' possessions either by force or by assault. We disagree. The evidence here was sufficient to establish robbery by assault. Assault in this context means "objectively menacing conduct by the defendant, ... undertaken with the intent to put [the victim] in fear for the purpose of stealing," which "resulted in reasonable fear or apprehension on [the victim's] part and thereby facilitated the theft." Commonwealth v. Davis, 70 Mass. App. Ct. 314, 316 (2007). See Commonwealth v. Gauthier, 21 Mass. App. Ct. 585, 591 (1986). The defendant brought masked men to the apartment in an obvious show of intimidation to put the victims in fear, had the men kick down the bedroom door, and told them what to take. Garney testified that she was "scared" and "[i]n shock." Based on this evidence, a reasonable jury could have found that the defendant had the knowledge and intent to rob by assault. See Davis, 70 Mass. App. Ct. at 314-316 (sufficient evidence to find robbery by assault where defendant entered bank wearing baseball cap, black glasses, and scarf over his mouth, approached teller's window, and patted his sweatshirt indicating something was in it).
The evidence was also sufficient to establish robbery by force. In a videotaped police interview, which was played for the jury, the defendant stated that she assumed that the men were armed with a knife or a gun. Moreover, the snatching of the laptop and the struggling over the television qualify as use of force. See Commonwealth v. Jones, 362 Mass. 83, 89 (1972) ("Snatching necessarily involves the exercise of some actual force"). Though the defendant asserts that she had left the room by the time these acts occurred, a reasonable jury could have inferred that she knew that people who are about to be robbed might not willingly hand over their possessions. Likewise, the jury could have inferred that the defendant intended that her masked and armed accomplices take the laptop and television whether or not the victims parted with them willingly. See Commonwealth v. Muckle, 59 Mass. App. Ct. 631, 643 (2003) ("jury may apply their own 'common sense' " in evaluating evidence).
2. Jury empanelment. During voir dire defense counsel requested that the judge ask the following question: "The defendant is not accused of any drug offenses but if you heard evidence that the defendant used drugs or was involved in their distribution, would that affect your ability to render a fair, impartial and just verdict on the charges for which she is accused?" After the prosecutor stated that he had no objection, the judge posed the question to every member of the venire except juror 19. The judge did ask juror 19 whether her experience as a witness in a criminal case -- which juror 19 described as a case involving "[a]n addict" who "stole money" -- would impair her ability to be fair and impartial. Juror 19 answered, "[N]o," the judge found that she was impartial, and defense counsel consented to her placement on the jury.
The defendant now argues that the judge's apparently inadvertent failure to ask juror 19 the agreed-upon question violated G. L. c. 234A, § 67A, which provides that, upon a party's motion, a judge "shall" question a juror if it appears that an extraneous issue is likely to influence his or her opinion of the case. But G. L. c. 234A, § 74, states that "any defect in any procedure performed under this chapter shall not be sufficient to cause a mistrial or to set aside a verdict unless objection to such irregularity or defect has been made as soon as possible after its discovery or after it should have been discovered and unless the objecting party has been specially injured or prejudiced thereby."[5] Here, because the defendant consented to juror 19's being seated, she has waived her objection. See Commonwealth v. Barnoski, 418 Mass. 523, 532 (1994) ; Commonwealth v. Oppenheim, 86 Mass. App. Ct. 359, 372-373 (2014).[6]
Judgments affirmed.

The defendant was also charged with armed home invasion (four indictments) and intimidation of a witness (one indictment). The trial judge allowed the defendant's motion for a required finding of not guilty on one indictment charging armed home invasion, and the jury acquitted the defendant of the remaining charges.

At some point, it is unclear precisely when, the defendant left Garney's bedroom. On the view we take of the case, we will assume that she left before the men used weapons.

Consistent with the statute, the judge instructed the jury that the Commonwealth had to prove "that the defendant either applied actual force and violence to the body of the victim or by threatening words or gestures put the victim in fear." The defendant does not claim error in this instruction.

The Legislature enacted G. L. c. 234A, § 67A, in 2016, and at the same time repealed (1) G. L. c. 234, § 28, which contained similar language, and (2) G. L. c. 234, § 32, which required a showing of prejudice "or" an "objection ... made before the verdict." Because G. L. c. 234A, § 67A, was the governing statute at the time of the defendant's trial, G. L. c. 234A, § 74 -- and its requirement of a timely objection -- also apply to this case.

Contrary to the defendant's suggestion, because the right she asserts is statutory, her available remedies are also governed by the statute. See Commonwealth v. Jackson, 471 Mass. 262, 269-270 (2015) ; Oppenheim, 86 Mass. App. Ct. at 372-373.