COMMONWEALTH *vs.* ARTHUR J. GORASSI, JR.

Middlesex. April 6, 2000. - August 9, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Assault with Intent to Commit a Felony. Kidnapping. Words, "Assault."*

At the jury-waived trial of three indictments for assault with intent to commit a felony, to wit, kidnapping, the judge enunciated an erroneous definition of assault and, where the convictions may have resulted from the application of the improper standard, a substantial risk of a miscarriage of justice was created: the convictions were ordered reversed. [246-249]

At the trial of three indictments for assault with intent to commit a felony, the defendant's motion for a required finding of not guilty should have been allowed with respect to two of the indictments. [249-250]

INDICTMENTS found and returned in the Superior Court Department on July 26, 1996.

The cases were heard by *Hiller B. Zobel*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*David W. Cunis*, Assistant District Attorney, for the Commonwealth.

*Joseph J. Balliro* for the defendant.

IRELAND, J. After a one-day jury-waived trial in the Superior Court, the defendant was convicted on three indictments charging "assault . . . with intent to commit a felony, to wit: kidnapping." See G. L. c. 265, §§ 26, 29. On appeal, the defendant argues that the judge applied an erroneous concept of assault. The defendant also challenges the sufficiency of the evidence presented at trial.[1] We conclude that the judge may have applied an erroneous definition of assault. We further conclude that the

---

[1]In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court reversed all three convictions, remanding one indictment for retrial, and ordering judgment for the defendant on the other two indictments. *Commonwealth* v. *Gorassi*, 48 Mass. App. Ct. 1102 (1999). We granted the Commonwealth's application for further appellate review. Because our order granting further appellate review was not limited, all of the issues decided by

evidence at trial, under a correct view of the definition of assault, was sufficient as to one indictment, but was insufficient as to the other two indictments. Accordingly, we reverse the convictions, remanding one indictment for retrial and the other two indictments for entry of findings of not guilty.

1. *The evidence and the judge's statements.* At trial, the Commonwealth produced evidence of two incidents that occurred on June 25, 1996, one in a hotel corridor involving two girls, eight and nine years of age, and one in a public library involving one girl, three years of age. The defendant stipulated that he was present at the hotel and the library at the relevant times.

a. *The hotel incident.* The Commonwealth introduced the testimony of one of the girls involved. The girl testified that her family and her friend's family were staying at the Marriott Hotel in Newton on June 25, 1996, and that around 6 P.M., she and her friend were drawing on a board in a function room. When the two girls left the room, the defendant, who had been standing near the elevator, started walking down the hallway behind them. The defendant caught up with the girls as they reached the end of a second hallway that terminated at a door leading to a cement stairwell. The defendant asked the girls if they knew where the outdoor pool was located and asked them to come with him and show him. When one of the girls said "no," the defendant then asked the girls their names, and if they wanted to see something pretty. The girls then ran back to their rooms.[2]

The Commonwealth also introduced the testimony of a Newton police officer, who testified that the length of the hallways the girls had walked while the defendant walked behind them totalled 326 feet.

b. *The library incident.* The Commonwealth introduced the testimony of the mother of the girl involved. The mother testified that, around 8:30 P.M. on June 25, 1996, she and her husband took their two daughters, three and two years of age, to the Weston Public Library. As the family entered the library, the father walked the girls to the children's area and then proceeded

the Appeals Court are before us. See *Commonwealth v. Lombard*, 419 Mass. 585, 593 (1995) (unless specified otherwise in order granting further appellate review, court will review all issues raised in Appeals Court and argued adequately in briefs filed with the court).

[2]The girl also testified that the defendant was "shaking his hand inside of his pocket" while he was talking to the girls.

to another nearby area. As the mother walked into the children's area moments later, she saw only her younger daughter, and then she heard her older daughter crying from a nearby crafts area. When she entered that area, she saw her older daughter with her back against the wall; the defendant was facing her daughter, squatting or half-kneeling, and his hands, with a towel stretched between them, were about six inches from the girl.[3] As the mother picked up her daughter, who was crying, the defendant said that the girl had been about to fall, that he had tried to prevent it, but that she had fallen anyway. The defendant then left the area. When the mother asked her daughter why she had gone into the room with the defendant, the daughter said that "he told me come to see the rabbit inside . . . and I went with him to see the rabbit, but there is no rabbit." The daughter also told her mother that she had not fallen down.

The Commonwealth also introduced the testimony of two librarians who were on duty the night of the incident. One of the librarians, who was assigned to the children's area, testified that she observed the defendant initially enter that area between 7:30 and 7:45 P.M., that he appeared to be agitated, going from point to point, and that he entered the children's area at least six times that evening. The librarian also testified that she had two conversations with the defendant. During the first conversation, the defendant told the librarian that he was meeting his girl friend there, and that he was looking for her. During the second conversation, the librarian suggested to the defendant, because he appeared very nervous, that he try to telephone his girl friend or that he read some magazines. The defendant replied that he had already tried to reach his girl friend.

c. *The judge's statements.* After a brief recess at the close of the evidence, the judge orally issued rulings of law and findings of facts, which are set out in the margin.[4]

2. *Analysis.* The defendant first argues that the judge erred by

---

[3]In his defense, the defendant introduced evidence that he had a throat condition, that the condition made his throat sensitive to air conditioned environments, and that he had a habit of carrying and using a towel to protect his throat.

[4]The judge stated:

"I take as the definition of assault, that is assault in the context of these indictments, to be an attempt to do harm, but not necessarily bodily harm. I take the definition of assault in this case to include an at-

stating that the definition of assault included "an attempt to do psychological harm." The defendant also contends that the Commonwealth failed to provide sufficient evidence, relative to either the hotel or the library incident, that the defendant committed an assault and that he did so with the intent to kidnap.[5]

a. *Definition of assault.* Under the common law, an assault may be accomplished in one of two ways — either by an attempted battery, or by putting another in fear of an immediately threatened battery. See, e.g., *Commonwealth* v. *Burke*, 390 Mass. 480, 482 (1983); *Commonwealth* v. *Richards*, 363 Mass. 299, 302-303 (1973); *Commonwealth* v. *Slaney*, 345 Mass. 135, 140 (1962); G. L. c. 265, § 13A (prescribing penalty for, but not defining elements of, assault). See also *Commonwealth* v. *Burke*, *supra* (criminal battery is harmful or offensive touching). Thus,

---

tempt to do psychological harm.

"And I further take it as a legal principle that the objective standard applies and that the test of whether an act is an attempt to do harm is the test of whether a reasonable person in the defendant's position should have known that his actions would lead to harm, in this case to psychological harm.

"And specifically, I take it as a principle that a person in the defendant's position should know that unwanted physical attention, that is to say, unwanted interpersonal contact would have deleterious effect, psychological effect on a child.

"I find beyond a reasonable doubt that the defendant intended in each instance to be with the child, or in the case of [the hotel incident] in a place secluded from anybody else's eyes.

"In reaching that conclusion, I have in mind that in one case he brought the child into the crafts room, which was separate and apart from the place where adults were present.

"And with respect to the [hotel incident] that the defendant followed the children down two corridors.

"I find beyond a reasonable doubt that the defendant intended to overcome in each instance, the child's will, not by force, not by threats, but by enticement."

[5]The defendant also argues that his motion to dismiss the indictments should have been granted because the Commonwealth failed to present sufficient evidence to the grand jury. Because we decide this case on the first two grounds, we need not reach the issue of the sufficiency of the evidence before the grand jury. See *Commonwealth* v. *O'Dell*, 392 Mass. 445, 450 (1984) ("long-standing rule has been that a court will not review the competency or sufficiency of the evidence before a grand jury").

an assault is defined as either an attempt to use physical force on another, or as a threat of use of physical force. See *Commonwealth* v. *Shaffer*, 367 Mass. 508, 515 (1975) ("definition of assault is an attempt or threat to do bodily harm"). In the case of an attempted battery type of assault, although the Commonwealth must prove that the defendant attempted to do bodily harm, there is no requirement that the victim be aware of the attempt or be put in fear by it. See, e.g., *Commonwealth* v. *Richards*, *supra* at 303, citing *Commonwealth* v. *Slaney*, *supra* at 138-139. In the case of a threatened battery type of assault, the Commonwealth must prove that the defendant engaged in "objectively menacing" conduct with the intent to put the victim in fear of immediate bodily harm. *Commonwealth* v. *Musgrave*, 38 Mass. App. Ct. 519, 524 n.7 (1995), *S.C.*, 421 Mass. 610 (1996), quoting *Commonwealth* v. *Marcotte*, 18 Mass. App. Ct. 391, 394 (1984). See *Commonwealth* v. *Delgado*, 367 Mass. 432, 437 (1975) ("it is well established in this State that an act placing another in reasonable apprehension that force may be used is sufficient for the offense of criminal assault"); *Commonwealth* v. *White*, 110 Mass. 407, 409 (1872).

During the trial, while ruling on the defendant's initial motion for required findings of not guilty, the judge correctly stated that "an assault . . . is defined as a communicated threat, that is, a communicated intent to use some kind of force on the person of another." This statement reasonably conforms to the immediately threatened battery type of assault. However, in announcing his decision after the trial, the judge enunciated a different standard, stating that the definition of assault was an attempt to do harm and included "an attempt to do psychological harm." The judge did not further define psychological harm.

As our previous discussion and case law make clear, the central aspect of an assault is an attempted application of physical force or a threat of the use of physical force, either by an attempt to do bodily harm, or by placing the victim in fear of imminent bodily harm.[6] Under the attempted battery prong of assault, we have not recognized an attempt to inflict psychological harm as an assault and, in fact, the victim's apprehension of, or fear created by, the attempt is immaterial to whether an assault has occurred. Under the immediately threatened battery

---

[6]See *Commonwealth* v. *Delgado*, 367 Mass. 432, 436 (1975), quoting Perkins, Criminal Law 132 (2d ed. 1969) ("informational words might take the place of a threatening movement or gesture and complete the assault").

category, what is essential is that the defendant intended to put the victim in fear of imminent bodily harm, not that the defendant's actions created a generalized fear or some other unspecified psychological harm in the victim. Although the judge initially correctly stated, at least in part, the definition of assault, the judge also subsequently incorrectly expanded the definition, and we are therefore unable to ascertain whether the judge applied a correct or incorrect definition of assault.[7] Because the judge may have applied a misconception of an essential element of the crime charged, there is a substantial risk that a miscarriage of justice has occurred[8] and the convictions must be reversed. See *Wilson* v. *United States*, 250 F.2d 312, 324 (9th Cir. 1957) (no difference between judge incorrectly instructing jury as to applicable law and in effect incorrectly instructing himself — in both cases conviction has resulted from application of improper standard of law).

b. *Sufficiency of evidence at trial.* In reviewing the judge's denial of the motions for required findings of not guilty,[9] we must determine whether the Commonwealth introduced sufficient evidence to permit a rational trier of fact to infer that the defendant assaulted the girls and that he did so with the intent to kidnap them. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979) (standard of review is whether evidence introduced at trial, considered in light most favorable to Commonwealth, is sufficient to permit rational trier of fact to infer existence of essential elements of crime charged beyond a reasonable doubt).

*The hotel incident.* We conclude that the Commonwealth failed to introduce any evidence that the defendant assaulted the girls, either by attempting a battery, or by placing them in fear of imminent battery. Even considering the defendant's action of following the girls down two hallways and questioning them as a ruse, there was no evidence reasonably indicating that the defendant attempted to use force on the girls, that he threatened them with the use of force, or that he impeded their movements in any way. While the evidence indicated that the defendant

---

[7]Although neither the prosecutor nor defense counsel did so in this case, parties may request rulings of law pursuant to Mass. R. Crim. P. 26, 378 Mass. 897 (1979).

[8]The defendant did not specifically object to the judge's statements.

[9]At the close of the Commonwealth's evidence and at the close of all the evidence, the defendant moved for required findings of not guilty.

sought to engage the girls in conversation and to have them accompany him, there is no evidence that he sought to do so forcibly or with the threat of force. Indeed, the judge specifically found that the defendant intended to overcome the girls by enticement rather than by force or by threats. Accordingly, the defendant's motion for required findings of not guilty relative to the two indictments applicable to this incident should have been granted.[10]

*The library incident.* Relative to this incident, however, there was sufficient evidence introduced that the defendant assaulted the girl with the intent to kidnap. The Commonwealth introduced evidence that the girl had her back to the wall, that the defendant was a few inches from her and was reaching toward her. From this, it may reasonably be inferred that the defendant attempted a battery. Further, from the evidence that the defendant falsely enticed the girl into the crafts room, it may reasonably be inferred that the defendant intended to kidnap the girl. Accordingly, the defendant's motion for a required finding of not guilty relative to this indictment was properly denied.

3. *Conclusion.* Because the judge may have applied an incorrect definition of assault in reaching his guilty findings, all three convictions must be reversed. Further, because the Commonwealth failed to introduce sufficient evidence of assault relative to the hotel incident, judgment is to enter for the defendant on the two indictments related to that incident. Relative to the library incident, however, the Commonwealth introduced sufficient evidence of assault with the intent to kidnap, and the defendant therefore may be retried on the indictment related to that incident.

*So ordered.*

---

[10]Although the evidence was not sufficient for the crime of assault with intent to commit a felony, other charges, more suitable on these facts, were available.