[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11874
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00443-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS SAMAYOA-CASTILLO,

Defendant-Appellant.

_____

No. 18-11879
Non-Argument Calendar

_____

D.C. Docket No.  3:15-cr-00192-WKW-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS SAMAYOA-CASTILLO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(March 6, 2019)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Luis Samayoa-Castillo appeals the sentences imposed in 2018, following his third conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2) ("Illegal Reentry Case"), and the revocation of his supervised release ("Revocation Case"). On appeal, Samayoa-Castillo argues that: (1) the district court erred in holding that his prior Massachusetts conviction for assault with a dangerous weapon ("ADW") qualified as an "aggravated felony" to support the 20-year statutory maximum sentence provided in § 1326(b)(2); and (2) his total 60-month sentence is procedurally and substantively unreasonable. After careful review, we affirm.

We review questions of statutory interpretation, including whether an offense qualifies an aggravated felony, de novo. United States v. Maturin, 499 F.3d 1243, 1245 (11th Cir. 2007). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). Where a defendant fails to clearly articulate an objection on procedural grounds at

2

the time of sentencing, he waives the objection and plain error review applies. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003).  To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.  We deem arguments not raised by a defendant in his initial brief to be waived.  United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004).

First, we are unpersuaded by Samayoa-Castillo's claim that his prior conviction for assault with a dangerous weapon qualified as an aggravated felony for purposes of § 1326(b)(2).  Any alien who has been deported or removed from the United States, and thereafter is found in the United States, shall be fined or imprisoned not more than two years, or both.  8 U.S.C. § 1326(a).  Notwithstanding the provisions of § 1326(a), any alien whose removal was subsequent to a conviction for commission of a felony shall be fined or imprisoned not more than ten years. Id. § 1326(b)(1).  Any alien described in (a) whose removal was subsequent to a conviction for the commission of an aggravated felony shall be fined or imprisoned not more than 20 years. Id. § 1326(b)(2).  An "aggravated felony" includes a crime of violence, as defined in 18 U.S.C. § 16, or a conviction for illegal reentry by an alien who was previously deported on the basis of an aggravated felony.  Id. §

1101(a)(43)(F), (O).  An alien who has been removed based on a conviction for an aggravated felony is permanently inadmissible to the United States.  See id. § 1182(a)(9)(A)(i).

A crime of violence, for purposes of the illegal reentry statute, is defined as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a).  The definition of a crime of violence under § 16(a) is virtually identical to the definition of a "violent felony" under the ACCA, as both definitions include any felony offense that "has as an element the use, attempted use, or threatened use of physical force against" the person of another.  Compare 18 U.S.C. § 16(a), with 18 U.S.C. § 924(e)(2)(B)(i); see also Johnson v. United States, 559 U.S. 133, 140 (2010) (noting that the definition of crime of violence in § 16 is "very similar" to § 924(e)(2)(B)(i)'s definition of violent felony).

In Massachusetts, a crime punishable by death or imprisonment in the state prison is a felony and all other crimes are misdemeanors.  M.G.L.A. ch. 274, § 1. The Massachusetts assault-with-a-dangerous-weapon statute provides, in part, that:

> (a) Whoever, by means of a dangerous weapon, commits an assault upon a person sixty years or older, shall be punished by imprisonment in the state prison for not more than five years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years . . . .
>
> (b) Whoever, by means of a dangerous weapon, commits an assault upon another shall be punished by imprisonment in the state prison for

4

not more than five years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years.

Id. ch. 265, § 15B.  The Massachusetts common law recognizes two theories of assault: attempted battery and threatened battery.  Commonwealth v. Porro, 939 N.E.2d 1157, 1163 (Mass. 2010).  The Massachusetts Supreme Judicial Court has defined battery as "harmful and offensive touching[]," Commonwealth v. Burke, 457 N.E.2d 622, 624 (Mass. 1983), and assault as "either an attempt to use physical force on another, or as a threat of use of physical force." Commonwealth v. Gorassi, 733 N.E.2d 106, 110 (Mass. 2000).  "The crime of [ADW] adds one additional element, namely, that the assault was perpetrated by means of a dangerous weapon." Commonwealth v. Melton, 763 N.E.2d 1092, 1096 (Mass. 2002).

While our Court has not resolved whether a conviction for Massachusetts ADW constitutes a crime of violence under 18 U.S.C. § 16(a), the First Circuit has held that a prior Massachusetts ADW conviction qualifies as a predicate violent felony under the ACCA.  See United States v. Am, 564 F.3d 25, 33 (1st Cir. 2009); United States v. Whindleton, 797 F.3d 105, 112-13 (1st Cir. 2015).  In Am, the First Circuit rejected a defendant's argument that his prior conviction for assault with a knife did not qualify as a predicate offense under the ACCA because the Massachusetts ADW statute lacked an express element requiring force.  564 F.3d at 33.  The First Circuit held that, "[b]y its terms, the Massachusetts [ADW] statute . . . which criminalizes an assault upon another by means of a dangerous weapon has

5

as an element the use, attempted use, or threatened use of physical force as required by ACCA." Id. (quotations omitted); see also Whindleton, 797 F.3d 105, 112-13 (1st Cir. 2015) (holding that a defendant's prior conviction under the Massachusetts ADW statute qualified as a violent felony for purposes of the ACCA).

For starters, although Samayoa-Castillo was initially charged with assault and battery with a dangerous weapon ("ABDW"), M.G.L.A. ch. 265, § 15A, the record shows that he was ultimately convicted of the amended charge of ADW, M.G.L.A. ch. 265, § 15B, which has different elements and case law. On appeal, Samayoa-Castillo continues to refer to his prior conviction as a conviction under Massachusetts's ABDW statute. This means that Samayoa-Castillo has arguably waived any argument challenging the application of the 20-year statutory maximum term of imprisonment under § 1326 by arguing on appeal that his prior Massachusetts ABDW is not a qualifying aggravated felony conviction, instead of making an argument concerning ADW. See Levy, 379 F.3d at 1244.

But, in any event, even if we were to consider the merits of his claim, it would fail. The United States Court of Appeals for the First Circuit, which includes Massachusetts, has squarely held that a Massachusetts ADW conviction constitutes a crime of violence under § 16(a), and we are persuaded by these decisions. See 18 U.S.C. § 16(a); Whindleton, 797 F.3d at 112-13; Am, 564 F.3d at 33. Moreover, to the extent Samayoa-Castillo says the ADW statute does not require the intentional

6

use of force needed to qualify as a crime of violence, the First Circuit has disagreed, holding that the ADW statute requires the defendant to have acted intentionally. Am, 564 F.3d at 33-34. Thus, applying persuasive First Circuit precedent, we conclude that the district court correctly held that Samayoa-Castillo's 1995 Massachusetts ADW conviction constitutes an aggravated felony for purposes of § 1326.

We also reject Samayoa-Castillo's claim that his sentence is unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] If a district court selects a sentence based on a fact for which no record evidence exists, that finding is clearly erroneous, and the sentence is procedurally unreasonable. United States v. Barner, 572 F.3d 1239, 1251 (11th Cir. 2009). However, the district

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

court need not explicitly say that it considered the § 3553(a) factors, as long as the court's comments show it considered the factors when imposing sentence. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

Where the district court procedurally errs, "a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992) (addressing proper standard of review when district court misapplies the Guidelines). Therefore, where the district court relies on both proper and improper factors in making a sentencing decision, "we may affirm so long as the record reflects that the improper factors did not affect or influence the district court's conclusion." United States v. Kendrick, 22 F.3d 1066, 1069 (11th Cir. 1994).

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." Pugh, 515 F.3d at 1190 (quotation omitted). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). However, a court may abuse its discretion if it (1) fails to

8

consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006). A sentence imposed well below the statutory maximum is an indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

"If, after correctly calculating the guidelines range, a district court decides that a sentence outside that range is appropriate, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations omitted). If the district court imposes a sentence outside the guidelines range, "[we] may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. (quotations omitted). A district court is "free to consider any information relevant to [a defendant's] background, character, and conduct in imposing an upward variance." United States v. Tome, 611 F.3d 1371, 1379 (11th Cir. 2010) (quotations omitted). The party challenging a sentence has the burden of

9

showing that the sentence is unreasonable.  United States v. Barrington, 648 F.3d 1178, 1204 (11th Cir. 2011).

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors in 18 U.S.C. § 3553(a)."  United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006) (per curiam).  If a district court revokes a term of supervision, it may require the defendant to serve in prison all or part of the term of release that is statutorily authorized for the offense that resulted in the term of release.  18 U.S.C. § 3583(e)(3).  A prison term of up to two years may be imposed if the underlying offense is a Class C felony.  Id.  Violations of 8 U.S.C. § 1326(a), (b)(2) are Class C felonies.  See id. § 3559(a)(3); 8 U.S.C. § 1326(a), (b)(2).

Here, Samayoa-Castillo has not shown that his total 60-month sentence -- in which the district court imposed 36 months' imprisonment in the Illegal Reentry Case, followed by 24 months' imprisonment in the Revocation Case -- is either procedurally or substantively unreasonable.  As for procedural reasonableness, it appears that the district court relied on an unrevised version of the presentence investigation report in the Revocation Case, and incorrectly said that Samayoa-Castillo's advisory guideline range at his original sentencing proceeding in 2016 was

27 to 33 months' imprisonment, even though the correct guideline range was 15 to 21 months' imprisonment.  Accordingly, when the district court noted in 2018 that it was now imposing a 24-month sentence in the Revocation Case because it had given Samayoa-Castillo "a significant variance downward when [at the original 2016 sentencing hearing, it] complied with [the parties'] request for a one year and one day sentence in the [Revocation] [C]ase when the guidelines were 27 to 33 months," it relied on the incorrect guideline range.  See Barner, 572 F.3d at 1251.

However, the district court's reliance on the incorrect guideline range was harmless.  See Williams, 503 U.S. at 203.  The record shows that the district court imposed a 24-month sentence in the 2018 Revocation Case because it concluded that another below-guideline sentence was unwarranted.  The district court, bothered by Samayoa-Castillo's record of illegal reentry after removal, explained that it had imposed a lighter sentence in 2016, following his second conviction for illegal reentry, because he had previously served a sentence of 100 months' imprisonment after his first illegal reentry conviction in 2002 and it "thought that . . . giv[ing] a lighter sentence after having served a 100-month sentence would be sufficient incentive for [Samayoa-Castillo] not to reenter the country illegally."  These comments reveal that the district court did not base the 24-month sentence on the extent of the downward variance that it erroneously believed Samayoa-Castillo received in 2016.  Rather, the district court calculated the 2018 sentence based on its

11

findings that Samayoa-Castillo remained undeterred from entering the country illegally, despite having served both long and short sentences on his prior illegal reentry convictions, and that an upward variance upon the revocation of his supervised release was necessary to adequately address his record of non-compliance. See Kendrick, 22 F.3d at 1069.

Nor can we say that Samayoa-Castillo's 24-month sentence in the Revocation Case is otherwise procedurally unreasonable. As the record reveals, the district court considered the relevant § 3553(a) factors and adequately explained that a consecutive sentence was necessary to deter Samayoa-Castillo from further criminal conduct since he had violated his supervised release despite receiving a lenient sentence in 2016. See 18 U.S.C. §§ 3553(a)(2), 3583(e); Dorman, 488 F.3d at 944; Sweeting, 437 F.3d at 1107.

Samayoa-Castillo's sentence is also substantively reasonable. Samayoa-Castillo failed to demonstrate that the district court either ignored the § 3553(a) factors or committed a clear error of judgment in weighing the relevant § 3553(a) factors. See Irey, 612 F.3d at 1189. The district court listened to the parties' arguments and acknowledged Samayoa-Castillo's family-based motivations for wanting to return to the United States. The district court explained that it had considered the seriousness of the offense, Samayoa-Castillo's criminal history, and the need for the sentence imposed to promote deterrence, especially since the

12

sentences imposed following his prior illegal reentry convictions failed to adequately deter him from reentering the country illegally. See id. § 3553(a)(1), (a)(2)(A)-(B). Further, it was entirely within the district court's discretion to place emphasis on Samayoa-Castillo's criminal history, illegal reentry convictions, and supervised release violations and find that Samayoa-Castillo's mitigating evidence was insufficient to impose concurrent sentences. See Snipes, 611 F.3d at 872. Moreover, Samayoa-Castillo's 36-month sentence in the Illegal Reentry Case was also well below the statutory maximum penalty of 20 years' imprisonment under 18 U.S.C. § 1326(b)(2), suggesting substantive reasonableness. See 18 U.S.C. § 1326(b)(2); Gonzalez, 550 F.3d at 1324. Accordingly, Samayoa-Castillo has not shown that his total 60-month sentence is procedurally or substantively unreasonable.

**AFFIRMED**.