NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1157

COMMONWEALTH

vs.

BEHRUZ ALMASSIAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the District Court, a jury convicted the defendant of assault on a household or family member (wife) (G. L. c. 265, § 13M [a]), threatening to commit a crime (daughter) (G. L. c. 275, § 2), and assault and battery (daughter) (G. L. c. 265, § 13A [a]).  On appeal, the defendant challenges the sufficiency of the evidence to support the conviction of assaulting his wife.  He also claims that portions of his wife's testimony deprived him of a fair trial.  We affirm the judgments on the charges of threatening and assault and battery relating to the daughter and reverse the judgment on the charge of assaulting his wife.

The convictions stem from a July 2021 incident occurring in a bedroom within the family residence. At that point, the defendant and his wife had been involved in divorce proceedings and lived in the residence in separate bedrooms. On the afternoon in question, the defendant entered his wife's bedroom where she sat on the bed with their fifteen year old daughter, and the grandmother sat nearby in a chair. The defendant began yelling, and the daughter repeatedly told him to leave, threw a pillow at him, and shoved him. He struck the daughter in the leg, and after picking up an elastic exercise band (resembling a jump rope) approached the daughter, held the band up to her face, and warned, "Do not let me kill you like my grandfather killed his daughter."

We agree with the defendant's contention that these facts failed to set forth a sufficient basis for jurors to conclude that the defendant assaulted his wife in violation of G. L. c. 265, § 13M (a). As to this count in the complaint, the Commonwealth's supplemental bill of particulars expressly named the wife as the victim of the alleged assault, but the evidence did not show an assault on the wife. While there was certainly an ambient level of tension and hostility in the bedroom where the wife was also present, the defendant struck the daughter and directed his threat and threatening gesture with the exercise

band toward the daughter and not toward anyone else in the room. Indeed, the wife acknowledged in her testimony that the daughter was "targeted" during the incident. In the circumstances presented, such conduct directed at the daughter does not amount to an "attempted battery" on the wife or constitute placing the wife "in fear of an immediately threatened battery." Commonwealth v. Gorassi, 432 Mass. 244, 247 (2000). Neither "an attempt to inflict psychological harm" to those present in the bedroom nor a "generalized fear" shared by the wife constitute an assault on the wife. Id. at 248-249. Thus, the evidence here failed to establish the "essential elements" of an assault on the wife that would enable jurors to find the defendant guilty beyond a reasonable doubt. Commonwealth v. Latimore, 378 Mass. 671, 678 (1979). Consequently, the judgment on the charge of assault under G. L. c. 265, § 13M (a), must be reversed.

With respect to the wife's testimony, we discern no errors that warrant a new trial. The defendant points to the wife's testimony describing her relationship with the defendant as "[a]bsolutely abusive from the beginning," including calling her a "parasite" and making "daily" threats to kill her and breaking her finger, but the judge sustained defense objections, struck the testimony, and immediately told the jurors to disregard it. In addition to the immediate curative instructions, the judge

3

provided final instructions about objections and the obligation of jurors to disregard testimony that has been stricken. See Commonwealth v. Isabelle, 444 Mass. 416, 420 (2005) ("[t]he jury are presumed to follow instructions to disregard testimony"); Commonwealth v. Amirault, 404 Mass. 221, 231 (1989) (prejudice may be averted through curative instruction). The defendant also points to the wife's testimony on redirect examination, allowed over a defense objection, that she believed the defendant was cheating on him, but the defense explored this topic on cross-examination asking if she was "jealous" that the defendant "was having an affair." See Commonwealth v. Hanino, 82 Mass. App. Ct. 489, 496 (2012) (where defendant "used the challenged evidence in order to advance his defense, we cannot fairly conclude that he was harmed"); Commonwealth v. Parreira, 72 Mass. App. Ct. 308, 318 (2008) (cross-examination on complaint testimony opens door for Commonwealth to address topic).

For the reasons set forth above, the judgment on the charge of assault on a household or family member is reversed, the verdict is set aside, and judgment shall enter for the

defendant.  The judgments on the charges of threatening to commit a crime and assault and battery are affirmed.

So <u>ordered</u>.

By the Court (Meade,
  Hodgens & Toone, JJ.[1]),

_Paul Little_

Clerk

Entered:  July 1, 2025.

---

[1] The panelists are listed in order of seniority.